THE LEIBINGER & OEHM BREWING COMPANY, Respondent, v. FREDERICK H. ERNST, Appellant.

*Money had and received — direction to apply — when it may be disregarded.*

One Luhersen, who had verbally contracted to sell a saloon to one Shoeffel, and was paid twenty-five dollars on account of the purchase, subsequently executed a written conveyance of the saloon, for the consideration of $100, subject to a mortgage of $1,000, held by the Leibinger & Oehm Brewing Company, and left it with the defendant, who was his attorney, to be delivered to Shoeffel Thereafter, Shoeffel and his attorney called on defendant to receive the conveyance, and stated to him that Luhersen had agreed that the unpaid balance of the purchase money might be applied to reduce the mortgage. Defendant replied that he had not been notified of such agreement, but, on receiving the seventy-five dollars, delivered to Shoeffel's attorney the following paper:

"Received from Martin F. Luhersen the sum of $75, to be paid to Leibinger & Oehm Brewing Company, Brooklyn, N. Y., as part payment for goods sold and delivered by said Brewing Co. to said Luhersen. FREDERICK H. ERNST."

Luhersen denied that he had agreed to apply the seventy-five dollars to reduce the mortgage, and insisted that it was to be paid to him, which was done. The brewing company demanded of Ernst the seventy-five dollars, which he refused to pay.

In an action brought by the brewing company against Ernst to recover the seventy-five dollars, no proof was offered that Luhersen had, in fact, agreed to apply the seventy-five dollars upon the mortgage. Testimony offered by the defendant, to show that Luhersen never did so agree, was excluded, and the court, holding that the receipt was a contract that could not be modified by parol, directed a verdict for the plaintiff.

*Held,* that, even had the money in fact been placed into Ernst's hands, with instructions to pay it to the brewing company, Luhersen, who was Ernst's principal, could have countermanded the order at any time before it was paid over;

That the agreement to apply the seventy-five dollars on the mortgage was a naked promise without consideration to support it, and that the plaintiff had not established a cause of action.

Appeal by the defendant, Frederick H. Ernst, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of January, 1895, upon the verdict of the jury rendered by direction of the court after a trial at the Kings County Circuit, and also from an order entered in the office of the clerk of the county of Kings on the 18th day of January, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Hermon H. Shook,* for the appellant.

*M. Hallheimer,* for the respondent.

Pratt, J.:

In the early part of June, 1894, Luhersen verbally contracted to sell a saloon to Shoeffel, and was paid twenty-five dollars on account of the purchase. On June fourteenth Luhersen executed a written conveyance of the saloon for the expressed consideration of $100, subject to a mortgage of $1,000, and left it with the defendant, his attorney, to be delivered to the purchaser. On the sixteenth the purchaser and his attorney called on defendant to receive the conveyance, and stated to him that Luhersen had agreed that the seventy-five dollars unpaid balance of purchase money might be applied to reduce the mortgage. Defendant replied that he had not been notified of such agreement, but, on receiving the seventy-five dollars, executed and delivered to the attorney of the purchaser a paper as follows:

"New York, *June* 16*th,* 1893.

"Received from Martin F. Luhersen the sum of $75, to be paid to Leibinger & Oehm Brewing Company, Brooklyn, N. Y., as part payment for goods sold and delivered by said Brewing Co. to said Luhersen.　　　　　FREDERICK H. ERNST."

Later, when Luhersen saw defendant, he denied that he had agreed to apply the seventy-five dollars to reduce the mortgage, and demanded that it be paid to him, which was done.

When the seventy-five dollars was demanded by the brewing company defendant refused to pay, and this action was brought.

On the trial the principals and attorneys were all examined as witnesses. No proof was offered that Luhersen had in fact agreed to apply the seventy-five dollars upon the mortgage.

The defendant sought to show that Luhersen never did so agree, and the testimony was excluded.

The defendant testified that at the time he gave the receipt he stated that he had no personal knowledge of the arrangement to apply the seventy-five dollars on the mortgage, and would not pay it over without the authority of Luhersen. But the court held that the receipt was a contract that could not be modified by parol, and directed a verdict for the plaintiff.

Numerous objections are urged to this ruling. One apparently well taken is that the agreement to apply the seventy-five dollars on the mortgage seems to be a naked promise. No consideration moved to defendant, nor is any shown to have moved to his principal. It is not claimed that Luhersen ever authorized defendant to make the promise. And if it be, as was sought to be shown, that Luhersen never agreed to apply the seventy-five dollars on the mortgage, plainly the defendant would have had no ground to refuse to pay that sum to Luhersen on his demand.

The seventy-five dollars in defendant's hands was received by him as attorney, which was known to all parties. Had the money in fact been placed in defendant's hands as recited in the receipt, with instructions to pay it to plaintiff, Luhersen could have countermanded the order at any time before it was paid over. Nor is there any evidence that plaintiff ever changed its position in reliance upon the receipt.

Upon the whole case we are of opinion that the plaintiff did not establish a cause of action, and that the judgment must be reversed and a new trial ordered, with costs to abide the event.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order reversed and new trial granted, costs to abide event.