M. FILLMORE BROWN, Respondent, *v.* HARVEY F. REMINGTON, Appellant.

*Contract — what evidence is competent in contradiction of an agreement between attorneys as to sharing compensation.*

An action was brought by an attorney upon the theory that the plaintiff and the defendant, who was also an attorney, had rendered legal services to Mrs. Margaret Root, and that it had been verbally agreed between the plaintiff and defendant that the defendant should obtain a settlement with Mrs. Root for the services of both, and that he should pay over to the plaintiff one-half of the sum which he received upon the settlement — which was denied by the defendant.

Upon the trial it appeared that a settlement was made between the defendant and Mrs. Root, in which he received from her the sum of $2,250, of which he, by her direction, paid to the plaintiff $500.

The defendant offered to show by Mrs. Root that she never employed the plaintiff as her counsel; that his services were rendered as a friend, and that she had already paid him for whatever he had done; the offer was excluded.

*Held,* that the evidence was admissible in aid of the defendant's contention that he never entered into any agreement with the plaintiff to settle with Mrs. Root and to divide with him the proceeds of such settlement.

APPEAL by the defendant, Harvey F. Remington, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of. Erie on the 6th day of August, 1895, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 21st day of June, 1895, denying the defendant's motion for a new trial made upon the minutes.

*David Hayes,* for the appellant.

*D. M. Silver,* for the respondent.

ADAMS, J. :

Without considering the question of whether or not the contract which is relied upon by the plaintiff for his cause of action, can be enforced, as to which there is, perhaps, some doubt (*Leibinger & Oehm Brewing Co.* v. *Ernst,* 89 Hun, 156), I am clearly of the opinion that error was committed by the learned trial justice in the exclusion of certain evidence offered by the defendant, and that such error is fatal to the plaintiff's recovery.

The theory of the plaintiff's action is that he and the defendant, both of whom are attorneys at law, had rendered valuable professional service for one Mrs. Margaret A. Root, in an action which she had theretofore brought in the Supreme Court to recover upon a promissory note for $10,000 against John R. Strang, as executor of the last will and testament of Collins Woodruff, deceased, and in which she was successful ; that after the recovery of the amount involved in that action the plaintiff and defendant in this action entered into a verbal agreement, by the terms of which the defendant was to obtain a settlement with Mrs. Root for the services rendered by both parties, and pay over to the plaintiff an equal share of whatever sum was received by him upon such settlement. Upon the trial the plaintiff testified that the defendant entered into such an agreement with him, but his evidence was flatly contradicted by the defendant, who testified that he told the plaintiff that he would not settle with Mrs. Root for less than $1,750 ; that he had no objection

to the plaintiff receiving a similar amount if Mrs. Root was willing to pay it, but he denies positively that he agreed to pay the plaintiff one-half of the sum ultimately to be received from Mrs. Root. It appears that subsequent to the interview between the parties the defendant saw Mrs. Root, and that afterwards he met the plaintiff and was informed by him that he had been unable to obtain any settlement with her; that she refused to pay him anything for his services, and that he thought he would make out an account against her for the same. It further appears that a settlement was ultimately made between the defendant and Mrs. Root, by which he received from her the sum of $2,250, $500 of which he thereafter, by her direction, paid over to the plaintiff.

In submitting the case to the jury the learned justice was careful to call attention to this conflicting testimony, and to say to the jury that the only question of fact for their consideration was whether or not the defendant had agreed with the plaintiff to pay to him one-half of the moneys received from Mrs. Root, and that, unless the plaintiff established such an agreement by a fair preponderance of the evidence, he was not entitled to recover in the action.

Upon the trial the defendant called as a witness Mrs. Margaret A. Root, and offered to show by her that she never employed the plaintiff to act as her counsel in the *Woodruff* case, but that he had volunteered his services as a friend, stating that he expected to make no charge therefor, but if after the litigation was ended she desired to make him a present she might do so, and, further, that she had in fact paid the plaintiff for the services which he had rendered. This offer was made in various forms and at different times; it was objected to by the plaintiff's counsel, and the objection being sustained by the court, the defendant's counsel duly excepted thereto. The exceptions thus taken fairly present the question hereinbefore referred to.

I am unable to see why the evidence thus excluded was not material and relevant to the issues raised by the pleadings, and particularly to the issue of fact which was finally presented to the jury.

Some doubt has already been expressed as to whether or not the agreement in question was supported by sufficient consideration to make it valid. Precisely what the consideration was does not very

clearly appear, but it is fairly inferable from the language of the charge that the learned justice was of the opinion that if the defendant did undertake to collect of Mrs. Root any claim which the plaintiff had against her for his professional services, his action in attempting to reach a settlement with her was in some sense prejudicial to the plaintiff's rights, and that this of itself would be regarded as a sufficient consideration for the promise, but if, as a matter of fact, the plaintiff had no valid claim against Mrs. Root, if he had agreed with her to render service gratuitously, or if he had already received ample compensation for such service as he did render, it would seem that the evidence excluded would have had some direct bearing upon the question of consideration, and, therefore, upon the right of the plaintiff to recover in any event. However this may be, such evidence was clearly admissible in aid of the defendant's contention, that he never entered into any agreement with the plaintiff to settle with Mrs. Root and divide with him the avails of such settlement, for if Mrs. Root had already settled with the plaintiff for his services, or if, upon the other hand, she was owing him but little therefor, as compared with the defendant's claim for his services, it might have been argued to the jury that it was not probable that he would have insisted upon any such share of the avails of the settlement made between Mrs. Root and the defendant, and that his contention was an afterthought. At all events, I think the jury were entitled to have this evidence, in order that they might say to what extent it impaired the value that might otherwise attach to the testimony of the plaintiff.

The judgment and order appealed from should, therefore, be reversed and a new trial granted, with costs to abide the event.

LEWIS and BRADLEY, JJ., concurred; WARD, J., not sitting.

Judgment and order reversed and new trial granted, costs to abide the event.