(10 App. Div. 459.)

### LEIBINGER & OEHM BREWING CO. v. ERNST.

(Supreme Court, Appellate Division, Second Department.  December 1, 1896.)

CONTRACTS—CONSIDERATION.

Where property was sold subject to liens of a specified amount, and the liens exceeded such amount in a sum greater than the agreed price, the payment of the price to the seller's agent is a sufficient consideration for an agreement by him to pay the amount received to the holder of the liens.

Appeal from trial term, Kings county.

Action by the Leibinger & Oehm Brewing Company against Frederick H. Ernst. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Hermon H. Shook, for appellant.

Edward M. Grout, for respondent.

CULLEN, J.   In June, 1893, the defendant Ernst, a lawyer, was the owner of a lot and building on Wyckoff avenue, in the city of Brooklyn, part of which building was occupied as a saloon and the remainder as a dwelling house.   One Luhersen carried on the business in the saloon, and was the owner of the fixtures and license. At this time one Scholch negotiated with the defendant and with Luhersen for the purchase of the premises and the business.   This negotiation terminated in an oral agreement for the purchase of the saloon, the license, the business, and the real estate for $6,500, subject, as the witness Hallheimer testifies, to an incumbrance on the saloon and business in favor of the plaintiff for the sum of $1,000. The only written agreement between the parties was a contract for the sale of the real estate for $6,400, between Scholch and the defendant.   This left $100 to go to Luhersen for the saloon, fixtures, license, and business.   It subsequently appeared that the amount owing to the plaintiff was about $1,300 and interest, secured by a chattel mortgage for $1,000, and a pledge of the license.   Negotiations were had between the plaintiff and Luhersen looking towards a reduction of the plaintiff's claim, but the parties reached no definite determination.   When the agreement for purchase came to be closed, Luhersen was not present, but the defendant had in his possession a bill of sale, executed by Luhersen, ready for delivery to the purchaser.   Twenty-five dollars had already been paid to Luhersen on account of the sale.  · Hallheimer, the attorney for the purchaser and for the present plaintiff, testifies that he stated he would send the remaining $75 to the plaintiff to apply on its claim; that the defendant said that he (defendant) might as well send it; that it would look better; and that Hallheimer replied that the defendant might do so, "if you would give him a certificate of deposit," so that he (Hallheimer) could prove at all times that the money would be sent.   The defendant thereupon drew up and executed the following receipt, and delivered it to Hallheimer:

"New York, June 16th, 1893.

"Received from Martin F. Luhersen the sum of $75.00, to be paid to Leibinger & Oehm Brewing Co., Brooklyn, N. Y., as part payment for goods sold and delivered by said Brewing Co. to said Luhersen.          Fred'k H. Ernst."

The defendant denied this statement of Hallheimer. He testified that after the delivery of the deed of the real estate Hallheimer asked for the bill of sale from Luhersen, and said that the remainder of the purchase money should go to the brewing company (the plaintiff); that defendant replied that he had no knowledge of that fact, and would not deliver the bill of sale without receiving the money; that Hallheimer and the purchaser then stated that Luhersen had agreed that the money should be paid to the plaintiff; that on that statement he agreed to hold the sum till Luhersen could be brought into the office, and give defendant directions as to the application of the money; that thereupon he took the money and gave the receipt; that Luhersen subsequently demanded of him the money, and he paid it to him. The defendant gave no testimony contradicting the plaintiff's evidence as to the original negotiations between the parties and the state of the accounts between the plaintiff and Luhersen. The cause was submitted to the jury, under instructions that, if they found the defendant, in consideration of the receipt of the money, agreed to turn it over to the plaintiff, he was liable therefor; otherwise not.

On a previous trial of this action the court directed a verdict in favor of the plaintiff. On appeal the judgment was reversed. 89 Hun, 156, 35 N. Y. Supp. 47. It was held that the trial court erred in excluding evidence of the parol agreement between the parties at the time of the execution of the receipt, and also that the promise alleged to have been made by the defendant was without consideration. The first question does not arise on this appeal, as the evidence previously excluded was admitted on the last trial, and the terms of the agreement between the parties were submitted to the jury to determine as a question of fact. But the second question still remains, as I do not see that the evidence given on the present trial is more favorable to the plaintiff in this respect than that adduced on the former trial. On the former trial it was testified that the amount due on the mortgage was $1,384.10. It now appears that there was $1,000 and interest due on the mortgage and $300 due on the license. I am, however, of opinion that the learned general term misconceived the facts. Luhersen had agreed to sell the saloon, license, fixtures, etc., subject to a lien thereon for $1,000, for the sum of $100, and had received $25 of that sum. When the property was about to be transferred, Luhersen was unable to carry out his contract, for the property was subject to liens in excess of $1,300. He therefore was not only not entitled to receive the remainder of the purchase money ($75), but was liable in damages to the purchaser. It was therefore entirely within the power of the purchaser to refuse to complete his purchase, or to make any new conditions upon which he would take the property. As the property he was to acquire was subject to liens held by the plaintiff, he was interested in reducing the amount of those liens. It directly

inured to his benefit that the $75 should be paid to the plaintiff. The defendant received $75, to which neither he nor his principal were entitled under the original agreement. This constituted ample consideration for the agreement to pay that sum to the plaintiff. The learned general term seems to have been under the impression that the purchaser took the property subject to no greater incumbrance than that originally agreed upon. Were this the case, there plainly would have been no consideration for the agreement to apply the $75 on the mortgage, for in such case the purchaser would really obtain the property for $75 less than he agreed to pay for it. But, as a matter of fact, on this evidence, even with the application of this $75 to plaintiff's claim, the purchaser has to pay for the property over $200 more than he originally bargained for.

The judgment and order appealed from should be affirmed, with costs. All concur.